## Ex Parte Josh Hunt.

*No. 2848.   Decided February 1.*

28  361
34  275

1.  **Practice—Cumulative Sentences.**—Under the provisions of article 800 of the Code of Procedure cumulative terms of imprisonment adjudged at the same term of court shall be so tacked that the subsequent term shall begin at the expiration of the preceding one.   Unless so provided in the judgment the terms became concurrent, and the imprisonment as to both (or all) sentences commence to run and expire at the same time.   See this case in illustration.

2.  **Same — Pecuniary Penalty — Discharge of Same by Imprisonment.**— Article 816 of the Code of Procedure provides, in effect, that if a defendant convicted of misdemeanor makes oath in writing of his inability to pay the pecuniary fine assessed against him, and the county authorities fail to hire him out, or to put him to labor in accordance with the law regulating county convicts, he shall be imprisoned in the county jail a sufficient length of time to discharge the full amount of fine and costs adjudged against him, rating such punishment at three dollars per day.

3.  **Same—Case Stated.**—Two pecuniary judgments in the County Court against the relator aggregated the sum of $107.50.   Imprisonment on account of the fines began October 14.   On October 16 the relator made affidavit of his inability to pay the said fines.   The county authorities did not put him to manual labor nor hire him out, and he remained in custody under the said judgments of the County Court until December 1, a period of forty-six days.   *Held,* that under the facts the relator was entitled to a credit of three dollars per day for the said forty-six days of imprisonment, which more than discharged the aggregate fines assessed by the judgments of the County Court.

4.  **Same.**—Pending his imprisonment under the judgments of the County Court the relator, under an indictment for assault to murder, was convicted in the District Court of aggravated assault, the fine and costs assessed against him aggregating $233.44. The judgment in this case became final on December 1, and on December 3 he was put to manual labor on the county farm, where he labored for 240 days, at the end of which time he was released upon his agreement to pay the county at the rate of five dollars per month until he should discharge the amount claimed by the county to be due on the three judgments. But *held,* that under the provisions of article 3597 of the Revised Statutes the relator was entitled to a credit of one dollar per day for the 240 days he labored, and therefore had overpaid the fine and costs when released upon his said agreement.

5.  **Same.**—But in support of the action of the county authorities the State relied upon the Act of March 7, 1889, which, amending article 3597 of the Revised Statutes, reduced to fifty cents per day the amount of credit allowable to a misdemeanor convict for county labor.   *Held,* that as the judgments against the relator were rendered in 1888, the said Act of March 7, 1889, would be *ex post facto* as to said judgments.

6.  **Same—Habeas Corpus.**—Failing and refusing to abide his agreement, the relator was arrested on a *capias pro fine* and placed in custody.   He sued out the writ of *habeas corpus* for discharge, but upon the hearing of the same by the county judge he was remanded to custody.   *Held,* that, under the facts of the case, the ruling was error.

Habeas Corpus on appeal from the County Court of Milam.   Tried below before Hon. E. Y. Terral, County Judge.

The opinion discloses the case.

*E. L. Antony,* for relator.

*W. L. Davidson,* Assistant Attorney-General, for the State.

White, Presiding Judge.—On October 3, 1888, Hunt was convicted. under two prosecutions in the County Court for keeping and exhibiting a gaming bank, the judgment in each case being a pecuniary fine of $10, and ten days imprisonment in the county jail as additional punishment. The fine and costs in the two cases aggregated $107.50. In the judgment rendered in the second case there was no notice taken of the first or previous judgment so as to make the punishment in the second cumulative after the expiration of the punishment assessed in the first, as is provided may be done by article 800, Code of Criminal Procedure, which prescribes that where there are two or more convictions of the same defendant at the same term, "the judgment in the second and subsequent convictions shall be that the punishment shall begin when the judgment and sentence in the preceding convictions have ceased to operate." Unless the judgment in the second or subsequent conviction is so rendered, there can be no cumulation of the imprisonment part of the punishment assessed in the first judgment. In such event, the judgments as to the term of imprisonment will be concurrent, and will be treated as but one judgment and cease to have any further operative effect when the first term of imprisonment has been served out. Prince v. The State, 44 Texas, 480; Hannahan v. The State, 7 Texas Ct. App., 664; Baker v. The State, 11 Texas Ct. App., 262. It is only by virtue of this statute, and compliance with its terms, that cumulative imprisonment can be assessed and enforced in our State under the decisions referred to.

This being the law applicable, the defendant, in the two cases of the judgments in the County Court, could only legally be imprisoned or held under the imprisonment parts of the judgments for the ten days specified in the first judgment. He was confined in jail on the 3d of October, and his imprisonment expired on the 14th of October. From the 14th of October he could. be confined further until the two fines and costs assessed against him, amounting in the aggregate to the sum of $107.50, as above stated, had also been paid off, or had been discharged by subsequent manual labor or further imprisonment. The county authorities did not hire him out or put him to work, though it seems they had a farm upon which they worked their county convicts. On the 16th of October defendant made and filed in the County Court affidavits of his inability to pay the fines and costs adjudged against him in the two cases. He remained in custody in the county jail until the 1st day of December, which would be forty-six days, counting from the 16th of October. Under the provisions of article 816 of the Code of Procedure he could discharge the amount of his fine and costs under the facts stated by rating his imprisonment at $3 per day for each day he remained in the jail after making the affidavits of inability to pay. At this rate he paid for the forty-six days one hundred and thirty-eight ($138) dollars, when he was only due

and owing $107.50.   It is clear that the County Court judgments had been fully paid off, discharged, and satisfied on the 1st of December.

But it appears that during this imprisonment the defendant was tried and convicted in the District Court of aggravated assault on an indictment for assault with intent to murder, and his fine and costs in that case amounted to $233.44.   This conviction became final on the 1st of December, 1888.   On the 3d of December he was hired or put to labor by the county authorities on the county convict farm, and he remained continuously at work upon said farm from the 3d day of December, 1888, until August 9, 1889—eight months and six days, say about 240 days— when the County Commissioners Court ordered his discharge upon his agreement to pay them $5 per month for the balance they claimed he was due and owing the county on the three judgments—the two in the County Court, and the one in the District Court.   As we have seen, he owed them nothing as a balance on the County Court judgments.   Did he owe any balance on the judgment of the District Court?   At the time he was hired out as a county convict he was entitled to receive a credit against his fine and costs of $1 per day for each day he labored. Rev. Stats., art. 3597; Ex Parte Dampier, 24 Texas Ct. App., 561.   As stated above, the relator was kept and labored upon said farm about 240 days, which, at $1 per day, would be $240, as against $233.44, the amount of his fine and costs.   It is clear that on this calculation he had more than overpaid the District Court judgment also.

But by act approved March 7, 1889, and which took effect from and after its passage, article 3597 of the Revised Statutes was amended, and the rate allowed a county convict as credit upon his fine and costs when working the same out by manual labor, was reduced from $1 to fifty cents per day, and it was claimed by the county authorities that from the passage and adoption of said amendment a county convict was only entitled to a credit of fifty cents per day.   Acts 21st Leg., Gen. Laws, p. 14.   If this position of the county authorities was correct, then the defendant, upon the calculation of fifty cents a day after the 7th day of March, would, on the 9th day of August, 1889, when he was discharged as aforesaid, have been indebted to the county somewhere in the neighborhood of $60.   But did or could the amendment of March 7, 1889, reducing the rates of the convict's credits for his labor, operate and apply to a judgment rendered and which was in process of execution prior to the adoption of said act?   We are of opinion that it could not.   We think the law in force at the time the judgment was rendered was, in this particular case, the law which regulated the mode and manner of its satisfaction, and that the subsequent act did not affect it, and should not do so, especially in view of the fact that it is more onerous upon the defendant by increasing the term or duration of his punishment.   "Every law which changes the punishment and inflicts a greater punishment than

the law annexed to the crime when committed" is *ex post facto* and within the inhibition of the Constitution. Art. 1, sec. 16, Const. of Texas; Murray v. The State, 1 Texas Ct. App., 417, and authorities cited; Maul v. The State, 25 Texas, 166; 7 Am. and Eng. Enc. of Law, p. 527.

We are of opinion that under the law in force when the defendant was convicted and under which he was hired out, he was entitled to a credit of $1 per day for each day he labored as a convict, and that at such rate of credit he owed nothing on the District Court judgment when he was, on the 9th of August, discharged by order of the Commissioners Court upon his agreement to pay $5 per month on the balance they claimed was due the county.

He failed and refused to pay said balance. A capias *pro fine* was sued out by the county authorities, under which he was arrested again and placed in custody. He sued out this writ of habeas corpus before the county judge, who, upon the hearing thereof, refused to discharge, but remanded him to custody. From that judgment he has prosecuted this appeal.

For the reasons discussed the judgment is reversed, and appellant is fully discharged from custody and from any further liability upon the judgments or either of them involved in this controversy.

*Ordered accordingly.*

Hurt, J., absent.