NOTICE

Decision filed 03/02/07. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-05-0683

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the
                                      ) Circuit Court of
    Plaintiff-Appellee,               ) Shelby County.
                                      )
v.                                    ) No. 04-CF-96
                                      )
SCOTT MICHAEL PRINCE,                 ) Honorable
                                      ) Michael P. Kiley,
    Defendant-Appellant.              ) Judge, presiding.
_____

JUSTICE SPOMER delivered the opinion of the court:

The defendant, Scott Michael Prince, asks this court to grant him credit for time spent in custody prior to his sentencing, against the $200 in fines that accompanied his sentences following pleas of guilty to two counts of predatory criminal sexual assault. The defendant does not raise any other issues regarding his convictions and sentences. For the following reasons, we grant the defendant the requested credit and otherwise affirm his convictions and sentences.

On November 10, 2004, the defendant entered open pleas of guilty to two counts of predatory criminal sexual assault. On March 18, 2005, the defendant was sentenced to 12 years' and 8 years' imprisonment, to be served consecutively. He was also ordered to pay a $100 sexual assault fine and a $100 domestic violence fine. Although the defendant was granted sentencing credit for 264 days spent in presentencing custody, he was not granted credit against his fines.

The defendant now asks this court to grant him credit against his fines for the time spent in presentencing custody. In support of his position, the defendant points to section

1

110-14 of the Code of Criminal Procedure of 1963, which at the time of his offense stated as follows:

> "Any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated upon application of the defendant. However, in no case shall the amount so allowed or credited exceed the amount of the fine." 725 ILCS 5/110-14 (West 2002).

The defendant, citing *People v. Woodard*, 175 Ill. 2d 435, 457 (1997), notes as well that his request for the $5-per-day credit is not subject to waiver and that he may request his credit for the first time on appeal.

The State does not contest the defendant's assertion that the credit is not subject to waiver, but the State notes instead that section 110-14 was amended, effective January 1, 2005, to include language stating that the credit described above "does not apply to a person incarcerated for sexual assault" as that offense is defined in the Unified Code of Corrections (730 ILCS 5/5-9-1.7(a)(1) (West 2004)). 725 ILCS 5/110-14(b) (West 2004). The State posits that because the defendant was sentenced, and his fines imposed, subsequent to January 1, 2005, he is not entitled to any monetary credit against his fines.

The defendant replies to the State's argument by pointing out that although he was sentenced, and his fines were imposed, after January 1, 2005, his offense took place in 2004, prior to the amendment. Accordingly, the defendant contends, the denial of credit against his fines pursuant to the amendment would violate the federal and state prohibitions against *ex post facto* laws.

We agree with the defendant. The United States Constitution prohibits both the Congress (U.S. Const., art. I, §9) and the states (U.S. Const., art. I, §10) from enacting *ex post facto* laws. The Illinois Constitution also forbids the enactment of *ex post facto* laws.

2

Ill. Const. 1970, art. I, §16. The Illinois Supreme Court looks to the United States Supreme Court's interpretation of the federal *ex post facto* prohibition to interpret the Illinois prohibition. *Fletcher v. Williams*, 179 Ill. 2d 225, 229 (1997). The jurisprudence of the United States Supreme Court on the matter of *ex post facto* laws, although steadily evolving, is well-rooted in the seminal *ex post facto* case of *Calder v. Bull*, 3 U.S. (3 Dall.) 386, 1 L. Ed. 648 (1798). In that case, Justice Chase noted that the proscription against *ex post facto* laws found in the United States Constitution "necessarily requires some explanation; for, naked and without explanation, it is unintelligible, and means nothing." *Calder*, 3 U.S. (3 Dall.) at 390, 1 L. Ed. at 650. Justice Chase examined the origin of the expression *ex post facto* in the English common law and then cataloged *ex post facto* laws as criminal laws of the following types:

"1st. Every law that makes an action done before the passing of the law, and which was *innocent* when done, criminal; and punishes such action. 2d. Every law that *aggravates a crime*, or makes it *greater* than it was, when committed. 3d. Every law that *changes the punishment*, and inflicts a *greater punishment*, than the law annexed to the crime, when committed. 4th. Every law that alters the *legal* rules of *evidence*, and receives less, or different, testimony, than the law required at the time of the commission of the offence, *in order to convict the offender*." (Emphasis in original.) *Calder*, 3 U.S. (3 Dall.) at 390, 1 L. Ed. at 650.

Subsequent United States Supreme Court and Illinois Supreme Court decisions have built upon this initial cataloging and in so doing have clarified the parameters of the prohibition against *ex post facto* laws. According to the Illinois Supreme Court, a criminal law will run afoul of the prohibition against *ex post facto* laws if it is retroactive and disadvantageous to the defendant. *People v. Malchow*, 193 Ill. 2d 413, 418 (2000). A law disadvantages a defendant if it criminalizes an act that was innocent when done, increases

3

the punishment for a previously committed offense, or alters the rules of evidence by making a conviction more easy to obtain. *Malchow*, 193 Ill. 2d at 418. The prohibition against *ex post facto* laws applies only to laws that are punitive in nature, and it does not apply to costs, which are compensatory, not punitive. *People v. Bishop*, 354 Ill. App. 3d 549, 561 (2004). A fine, on the other hand, is a pecuniary punishment imposed as a part of a criminal sentence and is subject to the prohibition against *ex post facto* laws. *Bishop*, 354 Ill. App. 3d at 562.

In the present case, a denial of the credit against the defendant's fines would increase the punishment for a previously committed offense. At the time of the defendant's offense, an individual convicted of that offense who accrued credit for time spent in custody prior to sentencing would be entitled to offset the individual's fine to the tune of $5 per day of incarceration. That credit was a part of the equation that made up the overall punishment possible for the offense, and a denial of that credit now would alter that equation to the defendant's detriment because it would increase the punishment possible for the defendant's previously committed offense by denying the defendant the ability to use credit for time spent in custody prior to sentencing to offset the defendant's fine. In this case, it would increase the defendant's punishment by $200 more than the identical offense, with the identical fine and time spent in presentencing custody, would have been punishable at the time it was committed. That result is not permissible under *ex post facto* jurisprudence. See, *e.g.*, *People v. Delgado*, 368 Ill. App. 3d 985, 994 (2006) (the defendant was entitled to elect to be sentenced under the preamendment version of section 110-14); *In re Hunt*, 28 Tex. App. 361, 13 S.W. 145 (1890) (a statute reducing the rate per day allowed a county convict as credit on a fine is an *ex post facto* law if applied retroactively).

For the foregoing reasons, we grant the defendant the credit he has requested, and we otherwise affirm his convictions and sentences. Because the amount credited may not exceed the amount of the fines (725 ILCS 5/110-14 (West 2002)), our ruling results only in

4

the defendant's fines being paid in full.

Affirmed as modified.

GOLDENHERSH and WEXSTTEN[1], JJ., concur.

---

[1]Originally, Justice Hopkins was assigned to the panel. Justice Wexstten was later substituted on the panel and has read the briefs.

NO. 5-05-0683

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Shelby County. |
| | ) | |
| v. | ) | No. 04-CF-96 |
| | ) | |
| SCOTT MICHAEL PRINCE, | ) | Honorable |
| | ) | Michael P. Kiley, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

**Opinion Filed**: March 2, 2007
_____

**Justices**: Honorable Stephen L. Spomer, J.

Honorable Richard P. Goldenhersh, J., and
Honorable James M. Wexstten, J.,
Concur

_____

**Attorneys for Appellant**: Daniel M. Kirwan, Deputy Defender, Paige Clark Strawn, Assistant Defender, Office of the State Appellate Defender, Fifth Judicial District, 117 North Tenth Street, Suite #300, Mt. Vernon, IL 62864

_____

**Attorneys for Appellee**: Hon. Alan Lolie, State's Attorney, Shelby County Courthouse, Shelbyville, IL 62565; Norbert J. Goetten, Director, Stephen E. Norris, Deputy Director, Kendra S. Peterson, Staff Attorney, Office of the State's Attorneys Appellate Prosecutor, 730 E. Illinois Highway 15, Suite #2, P.O. Box 2249, Mt. Vernon, IL 62864

_____