No. 2-09-0458     Filed:  12-29-10

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 08--CF--1692 |
| JOSEPH R. DALTON, | ) ) ) | Honorable Victoria A. Rossetti, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the opinion of the court:

Joseph R. Dalton appeals from his conviction and sentence for one count of predatory criminal sexual assault of a child (720 ILCS 5/12--14.1(a)(1) (West 2008)).  He contends that the following fines and fees must be vacated: (1) a public defender fee; (2) a pretrial bond supervision fee; and (3) assessments made under section 5--9--1.15 of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5--9--1.15 (West 2008)) for the circuit court clerk operation and administrative fund, the State's Attorney, and a sex offender investigation fund fine.  The State agrees that the public defender fee, pretrial bond supervision fee, and sex offender investigation fund fine should be vacated.  However, the State contends that the assessments for the circuit court clerk and the State's Attorney were appropriately assessed fees.  We agree with the State.  Accordingly, we affirm in part and vacate in part.

I. BACKGROUND

On April 28, 2008, Dalton was charged with predatory criminal sexual assault of a child in connection with his sexual contact with a child on April 18, 2008. On April 29, 2008, bond was set at $350,000, with an order that he be supervised by pretrial bond services and pay a $75 bond supervision fee. However, Dalton never posted bond.

Dalton pleaded guilty and was sentenced to incarceration, with a life term of mandatory supervised release. The court did not indicate whether any fines or fees were to be assessed. The clerk of the court assessed the fines and fees at issue. Dalton's counsel filed a motion to reconsider the sentence that did not raise issues concerning fines and fees and did not include a certificate of compliance as required by Supreme Court Rule 604(d). 210 Ill. 2d R. 604(d). That motion was denied, and Dalton appealed. We summarily vacated the denial of the motion to reconsider sentence and remanded for a new hearing and compliance with Rule 604(d). People v. Dalton, No. 2--08--1008 (2009) (unpublished order under Supreme Court Rule 23). On remand, the motion was again denied. Dalton appeals.

## II. ANALYSIS

### A. Public Defender Fee

Dalton contends that the imposition of the public defender fee without consideration by the trial court of his ability to pay was plain error and must be vacated. The State agrees that the fee was wrongly imposed without a hearing and further states that it is not requesting a remand to determine Dalton's ability to pay.

Section 113--3.1(a) of the Code of Criminal Procedure of 1963 (Code) provides:

"Whenever under either Section 113--3 of this Code or Rule 607 of the Illinois Supreme Court the court appoints counsel to represent a defendant, the court may order the

defendant to pay to the Clerk of the Circuit Court a reasonable sum to reimburse either the county or the State for such representation. In a hearing to determine the amount of the payment, the court shall consider the affidavit prepared by the defendant under Section 113--3 of this Code and any other information pertaining to the defendant's financial circumstances which may be submitted by the parties. Such hearing shall be conducted on the court's own motion or on motion of the State's Attorney at any time after the appointment of counsel but no later than 90 days after the entry of a final order disposing of the case at the trial level." 725 ILCS 5/113--3.1(a) (West 2008).

Section 113--3.1 requires the trial court to conduct a hearing into a defendant's financial circumstances and find an ability to pay before it may order the defendant to pay reimbursement for appointed counsel. People v. Love, 177 Ill. 2d 550, 563 (1997). The hearing is required even where a cash bail bond has been posted, because the existence of a bond is not conclusive evidence of an ability to pay. Love, 177 Ill. 2d at 560-63. "The hearing must focus on the foreseeable ability of the defendant to pay reimbursement as well as the costs of the representation provided." Love, 177 Ill. 2d at 563.

"The hearing must, at a minimum, provide defendant with notice that the trial court is considering imposing a payment order and give defendant an opportunity to present evidence of his ability to pay and other relevant circumstances." People v. Spotts, 305 Ill. App. 3d 702, 703-04 (1999). "Notice" includes informing the defendant of the court's intention to hold such a hearing, the action the court may take as a result of the hearing, and the opportunity the defendant will have to present evidence and be heard. Spotts, 305 Ill. App. 3d at 704. "Such a hearing is necessary to

assure that an order entered under section 113--3.1 complies with due process." Spotts, 305 Ill. App. 3d at 704. Rules of forfeiture do not apply. Love, 177 Ill. 2d at 564.

Here, the clerk of the court could not impose the fee without notice and a hearing before the trial court. Normally, a remand would be appropriate to determine Dalton's ability to pay. See, e.g., Love, 177 Ill. 2d at 565; Spotts, 305 Ill. App. 3d at 705. Here, however, the State does not request a remand and asks that the fee be vacated outright. We accept the State's concession, and we vacate the fee.

### B. Pretrial Bond Supervision Fee

Dalton next contends that the imposition of a $75 fee for pretrial bond supervision when he was never released on bond was in error. The State agrees.

Section 110--10(b)(14) of the Code authorizes the trial court to order as a condition of bond that a defendant "[b]e placed under direct supervision of the Pretrial Services Agency, Probation Department or Court Services Department in a pretrial bond home supervision capacity." 725 ILCS 5/110--10(b)(14) (West 2008). Section 110--10(b)(14.3) provides that "[t]he Chief Judge of the Judicial Circuit may establish reasonable fees to be paid by a person receiving pretrial services while under supervision of a pretrial services agency, probation department, or court services department." 725 ILCS 5/110--10(b)(14.3) (West 2008).

Here, the record shows that the trial court set Dalton's bond at $350,000 and ordered as a condition of the bond that he be supervised by pretrial bond services and pay a $75 fee. Although the trial court was authorized to order the $75 fee for pretrial bond supervision as a condition of bond, Dalton never posted bond. Thus, he never actually utilized pretrial services, and the fee should not have been assessed. Accordingly, we vacate it.

C. Fines and Fees Collected Under Section 5--9--1.15

Three assessments were made under section 5--9--1.15 of the Unified Code: a $50 assessment for the circuit court clerk, $130 for the State's Attorney, and a $350 sex offender investigation fund fine. Dalton contends that only $30 for the State's Attorney was authorized by statute and that the remaining assessments were fines authorized by a statute that took effect after the date of his crime and thus violated ex post facto principles. See U.S. Const., art. I, §9; Ill. Const. 1970, art. I, §16. The State concedes that the sex offender investigation fine was not authorized and could not be assessed. However, the State contends that the rest of the assessments were appropriate fees. We observe that Dalton did not raise the issue in the trial court. However, an unauthorized sentence is void and may be challenged at any time. See People v. Arna, 168 Ill. 2d 107, 113 (1995).

Section 5--9--1.15 provides:

"(a) There shall be added to every penalty imposed in sentencing for a sex offense as defined in Section 2 of the Sex Offender Registration Act an additional fine in the amount of $500 to be imposed upon a plea of guilty, stipulation of facts or finding of guilty resulting in a judgment of conviction or order of supervision.

(b) Such additional amount shall be assessed by the court imposing sentence and shall be collected by the circuit clerk in addition to the fine, if any, and costs in the case. *** The circuit clerk shall retain 10% of such penalty for deposit into the Circuit Court Clerk Operation and Administrative Fund created by the Clerk of the Circuit Court to cover the costs incurred in administering and enforcing this Section. Such additional penalty shall not be considered a part of the fine for purposes of any reduction in the fine for time served either before or after sentencing.

(c) *** After deducting from the gross amount levied the fees and additional penalty provided for herein, less any other additional penalties provided by law, the clerk shall remit $100 of each $500 additional fine imposed under this Section to the State's Attorney of the county which prosecuted the case or the local law enforcement agency that investigated the case leading to the defendant's judgment of conviction or order of supervision and after such remission the net balance remaining to the entity authorized by law to receive the fine imposed in the case. ***

(d) Subject to appropriation, moneys in the Sex Offender Investigation Fund shall be used by the Department of State Police to investigate alleged sex offenses and to make grants to local law enforcement agencies to investigate alleged sex offenses as such grants are awarded by the Director of State Police under rules established by the Director of State Police." 730 ILCS 5/5--9--1.15 (West 2008).

Section 5--9--1.15 initially was enacted effective June 1, 2008, and was codified as section 5--9--1.14 of the Unified Code (730 ILCS 5/5--9--1.14 (West 2008)). Pub. Act 95--600, §15, eff. June 1, 2008. However, that section was designated as being applicable to those convicted of child pornography. The statutory sections were then renumbered, effective August 21, 2008, to make the assessments applicable to other sex offenses. Pub. Act 95--876, §355, eff. August 21, 2008. Dalton committed his offense on April 18, 2008.

"Where, as here, the question on appeal is limited to application of the law to undisputed facts, the standard of review is de novo." City of Champaign v. Torres, 214 Ill. 2d 234, 241 (2005), citing Steinbrecher v. Steinbrecher, 197 Ill. 2d 514, 523 (2001). The construction of a statute is also reviewed de novo. People v. Jones, 223 Ill. 2d 569, 580 (2006). "The fundamental rule of statutory

construction is to ascertain and give effect to the legislature's intent." Jones, 223 Ill. 2d at 580. "Accordingly, courts should consider the statute in its entirety, keeping in mind the subject it addresses and the legislature's apparent objective in enacting it." Jones, 223 Ill. 2d at 580-81. "The best indication of legislative intent is the statutory language, given its plain and ordinary meaning." Jones, 223 Ill. 2d at 581. "Where the language is clear and unambiguous, we must apply the statute without resort to further aids of statutory construction." Jones, 223 Ill. 2d at 581. "We construe statutes as a whole, so that no part is rendered meaningless or superfluous." Jones, 223 Ill. 2d at 581.

"The United States Constitution prohibits both the Congress (U.S. Const., art. I, §9) and the states (U.S. Const., art. I, §10) from enacting ex post facto laws." People v. Prince, 371 Ill. App. 3d 878, 880 (2007). "The Illinois Constitution also forbids the enactment of ex post facto laws. Ill. Const. 1970, art. I, §16." Prince, 371 Ill. App. 3d at 880. "[C]riminal law will run afoul of the prohibition against ex post facto laws if it is retroactive and disadvantageous to the defendant." Prince, 371 Ill. App. 3d at 880, citing People v. Malchow, 193 Ill. 2d 413, 418 (2000). "A law disadvantages a defendant if it criminalizes an act that was innocent when done, increases the punishment for a previously committed offense, or alters the rules of evidence by making a conviction more easy to obtain." Prince, 317 Ill. App. 3d at 880, citing Malchow, 193 Ill. 2d at 418.

The prohibition against ex post facto laws applies only to laws that are punitive. It does not apply to fees, which are compensatory instead of punitive. See Prince, 371 Ill. App. 3d at 880; People v. Bishop, 354 Ill. App. 3d 549, 561 (2004). A fine, however, is a pecuniary punishment imposed as a part of a criminal sentence and is subject to the prohibition against ex post facto laws. Prince, 371 Ill. App. 3d at 880; Bishop, 354 Ill. App. 3d at 562. A central characteristic separating a fee from a fine is whether the charge seeks to compensate the State for costs incurred as the result

of prosecution of the defendant. If the purpose is to compensate the State for such costs, the charge is a fee. See Jones, 223 Ill. 2d at 581-82. In particular, compensation for labor or services, especially professional services that are collateral consequences of the defendant's conviction, are considered fees. See Jones, 223 Ill. 2d at 581.

### 1. The Circuit Court Clerk Operation and Administrative Fund

Of the $500 authorized by section 5--9--1.15, 10% is to be retained by the circuit court clerk "to cover the costs incurred in administering and enforcing this Section." 730 ILCS 5/5--9--1.15(b) (West 2008). Further, "[s]uch additional penalty shall not be considered a part of the fine for purposes of any reduction in the fine for time served either before or after sentencing." 730 ILCS 5/5--9--1.15(b) (West 2008). It is clear that the assessment is compensation for services and costs that are a consequence of the defendant's conviction. Thus, we determine that the $50 assessment is a fee. As a result, ex post facto principles do not apply, and the fee was properly imposed.

### 2. The State's Attorney

Dalton was assessed $130 for the State's Attorney. Section 4--2002(a) of the Counties Code (55 ILCS 5/4--2002(a) (West 2008)) authorizes a $30 fee for the State's Attorney. Dalton contends that any amount over that is not authorized by statute. However, Dalton fails to address that $100 of the $500 assessed under section 5--9--1.15 is also provided to the State's Attorney who prosecuted the case. 730 ILCS 5/5--9--1.15(c) (West 2008). By going directly to the State's Attorney who prosecuted the matter, the assessment is compensation for professional services related to the case. Accordingly, it is fee, it is not subject to ex post facto limitations, and it was properly imposed.

### 3. Sex Offender Investigation Fund Fine

The remaining $350 assessed under section 5--9--1.15 consisted of the sex offender investigation fund fine. That assessment was not assessed as compensation for professional services related to the prosecution. Instead it is the fine that remains after fees are withheld for the clerk of the circuit court and the State's Attorney. Accordingly, the State concedes that it constitutes a fine, and we agree. Because the statute authorizing the fine was not in effect when Dalton committed the offense, imposition of the fine violated ex post facto principles. Therefore, the $350 sex offender investigation fine is vacated.

### III. CONCLUSION

We vacate the public defender fee, pretrial bond supervision fee, and sex offender investigation fund fine. The circuit court clerk operation and administrative fund fee and the State's Attorney fee are affirmed. Accordingly, the judgment of the circuit court of Lake County is affirmed in part and vacated in part.

Affirmed in part and vacated in part.

JORGENSEN, P.J., and HUDSON, J., concur.