# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Carreon*, 2011 IL App (2d) 100391

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DANIEL CARREON, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-10-0391 |
| Filed | October 31, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's conviction for unlawful possession of cannabis was affirmed, but his conviction for unlawful possession of drug paraphernalia was reversed on the ground that the cigar found in his possession did not fall within the definition of drug paraphernalia, the public-defender fee imposed was vacated and remanded for a hearing on defendant's ability to pay, the performance-enhancing-substance fee was vacated on the grounds that the fee was actually a fine not subject to reduction based on defendant's presentencing custody and the statute imposing the fee was not in effect at the time of defendant's offense, and the judgment was modified to reflect a credit of $5 against the mental-health-court fee, which is actually a fine subject to a credit for presentencing custody. |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 08-CM-8158; the Hon. Helen S. Rozenberg, Judge, presiding. |
| Judgment | Affirmed in part, reversed in part, and vacated in part; cause remanded. |

Counsel on Appeal

Thomas A. Lilien and Steven E. Wiltgen, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (Lawrence M. Bauer and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE BOWMAN delivered the judgment of the court, with opinion.

Justices Zenoff and Birkett concurred in the judgment and opinion.

## OPINION

¶ 1 Following a stipulated bench trial, defendant, Daniel Carreon, was convicted of possession of drug paraphernalia (720 ILCS 600/3.5(a) (West 2008)) and possession of cannabis (720 ILCS 550/4(a) (West 2008)). The trial court imposed 1 year of court supervision, 20 hours of public service, 4 hours of substance abuse counseling, and various fines and fees. On appeal, defendant contends that (1) his conviction of possession of drug paraphernalia should be reversed because a cigar does not constitute drug paraphernalia under the statute, and (2) certain fines and fees should be vacated or reduced. For the reasons that follow, we reverse defendant's conviction of possession of drug paraphernalia, vacate the public-defender fee and remand for a hearing on defendant's ability to pay, vacate the performance-enhancing-substance fee, and award defendant a $5 credit against the mental-health-court fee.

¶ 2                                    BACKGROUND

¶ 3 Prior to trial, defendant moved to suppress the evidence seized during a search of his vehicle. At the hearing on the motion to suppress, Officer Patrick Murray of the Round Lake Beach police department testified that during his search of defendant's vehicle he located cannabis and a "pipe." The trial court denied defendant's motion to suppress and subsequent motion to reconsider.

¶ 4 At trial, the parties stipulated that, if called to testify, Murray would testify as he did at the hearing on defendant's motion to suppress. In addition, the parties stipulated that Murray would testify that defendant admitted to Murray that he possessed the cannabis and cigar located in the truck during Murray's search. When questioned by the trial court if the pipe and cigar were the same thing, the assistant State's Attorney clarified that it was a cigar that was found in defendant's truck. The parties further stipulated that laboratory tests confirmed that the substance found in the truck tested positive for cannabis and that the cigar tested

positive for traces of cannabis. With respect to whether the cigar constituted drug paraphernalia, the following colloquy occurred:

"THE COURT: And the stipulation is that the cigar constituted drug paraphe[r]nalia as defined by the statute?

MR. TYER [assistant State's Attorney]: The officer would testify to that as well as within his training and experience that those kinds of cigars containing cannabis are often used to ingest cannabis in a pipe.

MR. RADOSEVICH [defense attorney]: And we'd further stipulate that according to the laboratory report which we're stipulating to, the cigar weighed 1.1 grams, had plant material in it, and there's a finding that that cigar contained cannabis. So that it's clear we're stipulating to the testimony from the officer would be as it was on January 21st at the motion to suppress hearing and then what you just heard from the state's attorney and as modified by me."

Based on the evidence, the trial court found defendant guilty of possession of drug paraphernalia and possession of cannabis. The trial court imposed 1 year of court supervision, 20 hours of public service, 4 hours of substance abuse counseling, and various fines and fees. The various fines and fees included a $250 public-defender fee, a $50 performance-enhancing-substance fee, and a $10 mental-health-court fee.

¶ 5    Defendant brought this timely appeal.

¶ 6                                    ANALYSIS

¶ 7    On appeal, defendant initially contends that his conviction of possession of drug paraphernalia should be reversed because a cigar, as a matter of law, is not drug paraphernalia under the relevant statute. The State argues, however, that defendant is not entitled to raise this issue on appeal because he stipulated in the trial court that the cigar constituted drug paraphernalia. We disagree with the State. A review of the record reveals that defendant stipulated that Murray, if called to testify, would testify that, in his experience, cigars are used to ingest cannabis. By stipulating that Murray would so testify, defendant did not also stipulate that a cigar, even if used to ingest cannabis, necessarily constitutes drug paraphernalia. Because defendant did not stipulate that a cigar constitutes drug paraphernalia, he is not foreclosed from raising this issue on appeal.

¶ 8    Turning to the merits of defendant's contention, we conclude that a cigar is not included in the definition of drug paraphernalia. Section 2(d) of the Drug Paraphernalia Control Act (Act) (720 ILCS 600/2(d) (West 2008)) defines drug paraphernalia as "all equipment, products and materials of any kind *** intended to be used unlawfully in *** ingesting, inhaling or otherwise introducing into the human body cannabis or a controlled substance." Section 4 of the Act (720 ILCS 600/4 (West 2008)) exempts certain items from the definition of drug paraphernalia. Of relevance here is section 4(b), which exempts the following:

"Items historically and customarily used in connection with the *** ingesting, or inhaling of tobacco or any other lawful substance.

Items exempt under this subsection include, but are not limited to, garden hoes, rakes,

sickles, baggies, tobacco pipes, and cigarette-rolling papers." 720 ILCS 600/4(b) (West 2008).

Section 4 of the Act further provides specific factors that should be considered in determining whether an item is exempt from the Act. The factors relevant to the issue before us are "the general, usual, customary, and historical use to which the item involved has been put" and "the existence and scope of legitimate uses for the object in the community." 720 ILCS 600/4(d)(1), (d)(8) (West 2008). Because this issue requires us to engage in statutory interpretation, our review is *de novo*. *People v. Bostic*, 348 Ill. App. 3d 661, 664 (2004).

¶ 9    Defendant argues that we should conclude that cigars are not drug paraphernalia as defined by the Act, because they have been historically and customarily used to ingest tobacco and because they are analogous to cigarette-rolling papers, which are specifically exempted under the Act. We agree. "The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature." *People v. Donoho*, 204 Ill. 2d 159, 171 (2003). Here, it is readily apparent that the legislature intended to exclude from the definition of drug paraphernalia any item traditionally used to ingest tobacco. Cigars, like cigarettes, are a traditional means of ingesting tobacco. In fact, cigars are designed and sold specifically for the ingestion of tobacco. This reason alone is sufficient to conclude that the legislature did not intend to include cigars in the definition of drug paraphernalia. See 720 ILCS 600/4(b) (West 2008) (excluding from the definition items historically and customarily used in the ingesting of tobacco).

¶ 10   In addition, however, the similarities between cigars and cigarette-rolling papers support a conclusion that cigars should not be included in the definition of drug paraphernalia. As the State points out in its brief, the cigar in this case was likely modified from its original form (there was no evidence presented in the trial court that, other than the addition of cannabis, the cigar was modified) to allow defendant to wrap cannabis in the cigar. When used this way, the cigar acts as nothing more than a large cigarette-rolling paper, and the legislature specifically excluded cigarette-rolling papers from the definition of drug paraphernalia (720 ILCS 600/4(b) (West 2008)). Although it is certainly true that the cigar in this case was used to ingest cannabis (evidenced by the traces of cannabis found in the cigar), cigarette-rolling papers can also be, and likely often are, used to ingest cannabis. That fact, however, did not prevent their exclusion from the definition of drug paraphernalia under the Act, because they are historically and customarily used for the legal ingestion of tobacco. Likewise, although sometimes used to ingest cannabis, cigars are historically and customarily used for the legal ingestion of tobacco. Accordingly, we hold that cigars are not included in the definition of drug paraphernalia under the Act, and defendant's conviction of possession of drug paraphernalia must be reversed.

¶ 11   Defendant also contends that the $250 public-defender fee should be vacated and the matter remanded for a hearing on his ability to pay. The State concedes that, pursuant to section 113-3.1(a) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/113-3.1(a) (West 2008)), the trial court was required to hold a hearing on defendant's ability to pay before ordering him to pay the public-defender fee and that the matter should be remanded for such a hearing. *People v. Love*, 177 Ill. 2d 550, 559 (1997). We agree. Although defendant did not raise this issue in the trial court, where a trial court imposes this fee

without following the appropriate procedural requirements, application of the forfeiture rule is inappropriate. *Love*, 177 Ill. 2d at 564. Thus, we vacate the $250 public-defender fee and remand the matter for a hearing on defendant's ability to pay.

¶ 12 Next, defendant argues that the trial court erred in imposing a $50 performance-enhancing-substance fee pursuant to section 5-9-1.1(d) of the Unified Code of Corrections (730 ILCS 5/5-9-1.1(d) (West 2010)), because the statute providing for the imposition of such a fee was not in effect at the time of the alleged offenses. The State agrees, as do we. The imposition of a fine that does not become effective until after a defendant commits an offense violates *ex post facto* principles. *People v. Dalton*, 406 Ill. App. 3d 158, 164 (2010). Defendant committed the offense at issue on December 4, 2008; section 5-9-1.1(d), however, did not go into effect until August 7, 2009 (Pub. Act 96-132 (eff. Aug. 7, 2009)). And, although labeled as a fee, the performance-enhancing-substance fee is more properly characterized as a fine. Unlike other fees, the $50 is not subject to reduction for time spent in presentencing custody, is included in a section labeled "Fines," is imposed only upon conviction of a crime, and is not designed to compensate the State for the costs of prosecution. Thus, the $50 is more properly characterized as a fine than a fee. See *People v. Jones*, 223 Ill. 2d 569, 600 (2006) (characterizing $5 "fee" provided for under section 5-9-1.1(c) of the Unified Code of Corrections (730 ILCS 5/5-9-1.1(c) (West 2004)) as a fine because it is not subject to reduction for time spent in presentencing custody, is included in a section labeled "Fines," is imposed only upon conviction of a crime, and is not designed to compensate the State for the costs of prosecution). As the performance-enhancing-substance fee is properly characterized as a fine and the statute providing for its imposition was not in effect at the time of defendant's offense, the assessment of it against defendant was improper and must be vacated. *Dalton*, 406 Ill. App. 3d at 164 (imposition of a fine that became effective after the defendant's offense was committed violated *ex post facto* principles). Again, although defendant did not raise this issue in the trial court, forfeiture is inapplicable because an unauthorized sentence is void and may be challenged at any time. *Dalton*, 406 Ill. App. 3d at 162.

¶ 13 Finally, defendant contends that he is entitled to a $5 credit against the $10 mental-health-court fee for the day he spent in presentencing custody. Again, the State agrees, as do we. Section 110-14(a) of the Code (725 ILCS 5/110-14(a) (West 2008)) provides that a person incarcerated on a bailable offense is entitled to a $5-per-day credit against fines for time spent in presentencing custody. Although defendant did not apply for the credit in the trial court, because the credit is mandatory he is permitted to make the request for the first time on appeal. *People v. Woodard*, 175 Ill. 2d 435, 457 (1997). Although referred to as a fee, the mental-health-court fee is a fine. See *People v. Graves*, 235 Ill. 2d 244, 255 (2009). Defendant spent one day in presentencing custody and is therefore entitled to a $5 credit against the $10 mental-health-court fee.

¶ 14 CONCLUSION

¶ 15 For the reasons stated, we reverse defendant's conviction of possession of drug paraphernalia, vacate the $250 public-defender fee and the $50 performance-enhancing-

substance fee, remand for a hearing on defendant's ability to pay the public-defender fee, and modify the judgment to reflect a $5 credit against the $10 mental-health-court fee.

¶ 16        Affirmed in part, reversed in part, and vacated in part; cause remanded.