# Illinois Official Reports

## Appellate Court

*People v. Scalise*, 2017 IL App (3d) 150299

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RONALD A. SCALISE, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-15-0299 |
| Filed | June 14, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 08-CF-1420; the Hon. Edward A. Burmila, Jr., Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Michael J. Pelletier, Peter A. Carusona, and Andrew J. Boyd, of State Appellate Defender's Office, of Ottawa, for appellant.<br><br>James W. Glasgow, State's Attorney, of Joliet (Dawn D. Duffy, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE SCHMIDT delivered the judgment of the court, with opinion.<br>Justice O'Brien concurred in the judgment and opinion.<br>Justice McDade dissented, with opinion. |

¶ 1      Defendant, Ronald A. Scalise, appeals from the dismissal of his petition for relief from judgment. On appeal, defendant's sole issue is a request for the application of the $5-per-day presentence incarceration credit. We affirm.

¶ 2                                   FACTS

¶ 3      On October 22, 2009, defendant entered a plea of guilty to two counts of predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 2008)). The two counts alleged that defendant committed the charged offenses between 1998 and 2000. In exchange for his guilty plea to the two predatory criminal sexual assault of a child charges, the State filed a motion to *nolle prosequi* four other charges and recommended sentences of two consecutive terms of 12 years' imprisonment to be followed by two consecutive terms of 2 years' mandatory supervised release (MSR). The State advised the court that defendant would receive credit for nine days spent in presentence custody and pay $6056 in costs. Defendant agreed to forfeit part of his $50,000 bond to pay the costs. The court accepted defendant's plea and imposed the recommended sentences. The judgment awarded defendant nine days of presentence incarceration credit. A criminal cost sheet detailed the $6056 in costs, which included a $50 "Court Systems Fee." Application of defendant's $50,000 bond resulted in a refund of $43,944.

¶ 4      On September 6, 2011, defendant filed a postconviction petition. After second-stage proceedings, the court dismissed defendant's petition. On appeal, we vacated defendant's $500 sex crimes assessment, imposed two statutorily mandated $100 sexual assault fines (730 ILCS 5/5-9-1.7(b)(1) (West 1998)), and remanded the cause with directions for the clerk to issue a $300 refund. *People v. Scalise*, 2015 IL App (3d) 130720.

¶ 5      On March 12, 2015, defendant filed a *pro se* petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure. 735 ILCS 5/2-1401 (West 2014). Defendant argued that his plea was void because it did not include two mandatory sex crime fines, the clerk of the court imposed several unauthorized costs, and the court lacked authority to impose a four-year term of MSR. The State filed a motion to dismiss the petition. The court granted the State's motion, finding the petition was untimely and the claims alleged were without merit. Defendant appeals. Defendant abandons these issues on appeal and argues only, and for the first time, that he is entitled to a statutory $5-per-day presentence incarceration credit. 725 ILCS 5/110-14(a) (West 2014).

¶ 6                                 ANALYSIS

¶ 7      For the first time on appeal, defendant applies for the $5-per-day presentence incarceration credit. Defendant does not challenge the dismissal of his section 2-1401 petition, and therefore, this appeal is limited to the applicability of the $5-per-day credit. Defendant argues he is entitled to offset $45 of his $50 "court systems fine" with credit earned during his nine-day presentence incarceration. Defendant acknowledges that a 2005 amendment to section 110-14 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-14(b) (West 2006)) renders the *per diem* credit unavailable to individuals incarcerated for predatory criminal sexual assault of a child, but he argues that application of this section would violate the

prohibition against *ex post facto* laws. See *People v. Prince*, 371 Ill. App. 3d 878, 880-81 (2007). We find the *ex post facto* prohibition does not apply to subsection 110-14(b) because it is not a punitive statute and does not have a punitive effect.

¶ 8    The United States Constitution (U.S. Const., art. I, §§ 9, 10) and Illinois Constitution (Ill. Const. 1970, art. I, § 16) prohibit the enaction of laws that retroactively increase the punishment for a criminal act. *People ex rel. Birkett v. Konetski*, 233 Ill. 2d 185, 208 (2009). A law that is retroactive and disadvantageous to a defendant is *ex post facto. Id.* at 208-09. A disadvantageous law "criminalizes an act innocent when performed, increases the punishment for an offense previously committed, or alters the rules of evidence making a conviction easier." *Id.* at 209. The *ex post facto* prohibition only applies to punitive laws. See *People v. Dalton*, 406 Ill. App. 3d 158, 164 (2010) (finding *ex post facto* principles did not apply to the imposition of two fees but applied to the imposition of a fine); see also *People v. Ruback*, 2013 IL App (3d) 110256, ¶ 48 (*ex post facto* principles prohibited the imposition of a $500 fine).

¶ 9    We first examine section 110-14 to determine if it is a punitive statute or possesses a punitive effect which would subject it to an *ex post facto* challenge. Section 110-14 was enacted as part of the Code and became effective January 1, 1964. At that time, the statute broadly provided that defendants held in presentence custody were to receive credit against their fines.

> "Any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense *shall be allowed a credit of $5* for each day so incarcerated prior to conviction except that in no case shall the amount so allowed or credited exceed the amount of the fine." (Emphasis added.) Ill. Rev. Stat. 1965, ch. 38, ¶ 110-14.

In 1977, the legislature amended section 110-14 to state the credit is available "upon application of the defendant" and "[t]he clerk of the court shall notify the defendant in writing of this provision of the Act at the time he is convicted." Pub. Act 80-666, § 1 (eff. Oct. 1, 1977) (amending Ill. Rev. Stat. 1975, ch. 38, ¶ 110-14). Senator Carroll described the amendment as a resolution to

> "The problem *** that most [defendants] are not aware of the provisions of this nor is it capable for the county clerks or the clerks of the circuit courts of the various counties to enforce the provisions of the bill as it now stands for they don't always know at the time of trial who is on bail, et cetera. So this is a change in that to provide that the clerk shall notify the defendant in writing and then he will then make application based on that writing for the five dollar a day credit." 80th Ill. Gen. Assem., Senate Proceedings, May 23, 1977, at 47-48 (statements of Senator Carroll).

This written notice requirement was removed in 1994, but the "upon application" clause remained. Pub. Act 88-287, § 5 (eff. Jan. 1, 1994) (amending 725 ILCS 5/110-14). In 2005, the legislature added subsection 110-14(b) which made individuals convicted of certain sexual assaults ineligible for the credit. Pub. Act 93-699, § 5 (eff. Jan. 1, 2005) (adding 725 ILCS 5/110-14(b)). Presently, section 110-14 of the Code states:

> "(a) Any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated *upon application of the defendant*. However, in no case shall the amount so allowed or credited exceed the amount of the fine.

(b) Subsection (a) does not apply to a person incarcerated for sexual assault as defined in paragraph (1) of subsection (a) of Section 5-9-1.7 of the Unified Code of Corrections." (Emphasis added.) 725 ILCS 5/110-14 (West 2014).

¶ 10    Starting with the 1977 amendment, the legislature clearly indicated that the *per diem* credit only applies where it is sought by a defendant. Senator Carroll's comment that "most [defendants] are not aware of the provisions" exemplifies the legislature's intent to treat the credit as optional until a defendant makes an application. 80th Ill. Gen. Assem., Senate Proceedings, May 23, 1977, at 47-48 (statements of Senator Carroll). Importantly, the "upon application" language remained after the legislature removed the written notice requirement, thereby placing the burden to apply for the credit solely on defendant. In fact, it made it a defendant's sole responsibility to even learn about the ability to apply for the credit.

¶ 11    Together, the plain language of and modifications to section 110-14 establish that it is not a punishment and has no punitive effect. Rather, this section confers a benefit to those defendants who actively seek to offset their fine. Because a defendant must make an "application" for this credit, it is not automatically a part of a criminal sentence. 725 ILCS 5/110-14(a) (West 2014). Therefore, the retroactive preclusion of the *per diem* credit is not prohibited by *ex post facto c*oncerns.

¶ 12    Here, defendant applied for the *per diem* credit for the first time in his appellant's brief, which was filed on November 23, 2016. At that time, subsection 110-14(b) made defendant ineligible for the credit because of his predatory criminal sexual assault of a child conviction. 725 ILCS 5/110-14(b) (West 2014); 730 ILCS 5/5-9-1.7(a) (West 2014). Defendant is not entitled to the credit.

¶ 13    Defendant argues that *Prince* controls the outcome of this case. In *Prince*, the Fifth District found application of subsection 110-14(b) violated the prohibition against *ex post facto* laws. We are not bound by the *Prince* decision, and for the reasons that follow, we disagree with its holding. See *In re May 1991 Will County Grand Jury*, 152 Ill. 2d 381, 398 (1992) (appellate court is not bound to follow the decisions of other districts).

¶ 14    In 2004, the defendant in *Prince* pled guilty to two counts of predatory criminal sexual assault. *Prince*, 371 Ill. App. 3d at 879. As part of his sentence, the court ordered the defendant to pay a $100 sexual assault fine and a $100 domestic violence fine. *Id.* The court granted the defendant sentencing credit for 264 days of presentence custody but did not grant *per diem* credit against the defendant's fines. *Id.* On appeal, the defendant applied for the *per diem* credit for the first time. *Id.* The State argued the defendant was ineligible for the credit under subsection 110-14(b) because he was incarcerated for a qualifying sexual assault. *Id.* The Fifth District found "a denial of the credit against the defendant's fines would increase the punishment for a previously committed offense." *Id.* at 881. The court reasoned:

"That credit was a part of the equation that made up the overall punishment possible for the offense, and a denial of that credit now would alter that equation to the defendant's detriment because it would increase the punishment possible for the defendant's previously committed offense by denying the defendant the ability to use credit for time spent in custody prior to sentencing to offset the defendant's fine. In this case, it would increase the defendant's punishment by $200 more than the identical offense, with the identical fine and time spent in presentencing custody, would have been punishable at the time it was committed. That result is not permissible under *ex post facto* jurisprudence. See, *e.g.*, *People v. Delgado*, 368 Ill. App. 3d 985, 994 (2006) (the

- 4 -

defendant was entitled to elect to be sentenced under the preamendment version of section 110-14); *In re Hunt*, 28 Tex. App. 361, 13 S.W. 145 (1890) (a statute reducing the rate per day allowed a county convict as credit on a fine is an *ex post facto* law if applied retroactively)." *Prince*, 371 Ill. App. 3d at 881.

¶ 15    Contrary to *Prince*, we find the *per diem* credit is not a part of defendant's sentencing calculus, and therefore, its exclusion does not increase the available punishment. Respectfully, *Prince* overlooks the critical language in subsection 110-14(a) that requires a defendant to make an "application" for the credit. 725 ILCS 5/110-14(a) (West 2014). Absent an application of the defendant, the credit is never a factor in the sentence. Moreover, because the credit only applies "upon application of the defendant," it does not, by itself, automatically decrease a defendant's fine. Rather, defendant's application for the credit *decreases* the penalty and serves as a benefit. Here, when defendant applied for the credit, over 7 years after his conviction and 11 years after the legislature made the credit unavailable to individuals convicted of sexual assault, he was no longer entitled to it. Pub. Act 93-699, § 5 (eff. Jan. 1, 2005) (adding 725 ILCS 5/110-14(b)). In further support, we note the legislature has placed the burden on defendant to be cognizant of this statute and apply for the *per diem* credit as he desires. *Supra* ¶¶ 9-11. Had the pre-1977 statute been in effect, we would agree with *Prince*. That is, were the credit mandatory without any precondition, then we would agree that the change here would have an impermissible *ex post facto* effect.

¶ 16    As a potential benefit that is not automatically part of a defendant's sentence, subsection 110-14(b) is not barred by *ex post facto* concerns. Therefore, subsection 110-14(b) renders defendant ineligible to receive the *per diem* credit. Credit denied.

¶ 17                                                  CONCLUSION

¶ 18    For the foregoing reasons, we affirm the judgment of the circuit court of Will County.

¶ 19    Affirmed.

¶ 20    JUSTICE McDADE, dissenting.

¶ 21    I respectfully dissent from the majority's analysis and its conclusion that section 110-14(b) is not subject to *ex post facto* prohibition because it is not punitive. Subsection 110-14(a) confers a statutorily mandated benefit to all defendants who apply for the $5-per-day credit. In *People v. Caballero*, 228 Ill. 2d 79, 83 (2008), our supreme court, citing *People v. Woodard*, 175 Ill. 2d 435, 457-58 (1997), stated: "[T]he *per diem* monetary credit allowed upon application by the defendant under section 110-14[1] is mandatory, it cannot be waived and it can be raised for the first time on appeal." The majority's analysis in the instant case initially overemphasizes subsection (a) because subsection (b), by its plain language, prohibits a defendant from even applying for the credit. Scalise's claim on appeal is that subsection (b) is, as to him, an *ex post facto* law.

¶ 22    I would find that subsection (b) is punitive. "The best indication of legislative intent is the statutory language, given its plain and ordinary meaning." *People v. Bonutti*, 212 Ill. 2d 182,

_____

[1]Section 110-14 became 110-14(a) when the statute was amended in 2005 to add subsection 110-14(b). Pub. Act 93-699, § 5 (eff. Jan. 1, 2005).

188 (2004) (citing *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 479 (1994)). Subsection 110-14(b) states: "[s]ubsection (a) *does not apply* to a person incarcerated for [specifically identified sexual offenses]." (Emphasis added.) 725 ILCS 5/110-14(b) (West 2014). Subsection (b) eliminates Scalise's otherwise mandatory statutory right (*Caballero*, 228 Ill. 2d at 87; *Woodard*, 175 Ill. 2d at 457-58) to apply for and receive the $5-per-day credit. The plain language of subsection (b) establishes that its intent is unabashedly punitive—it *expressly* prohibits Scalise, who was convicted of a covered sexual offense, from even applying for the credit with no discernible rational basis.

¶ 23    The punitive effect of subsection (b) renders it *ex post facto* as applied to Scalise. The subsection retroactively denies his right to apply for the $5-per-day credit because his sexual assault offenses occurred more than five years before its addition to the statute. Prior to that enactment, Scalise, like every other criminal defendant, was entitled to offset his fines by application for the credit. Now, subsection (b) penalizes Scalise, who was convicted of one of the specified sexual offenses, by eliminating his right to apply for and receive the credit. 725 ILCS 5/110-14(b) (West 2014). Effectively, this raises the potential fines that he is subject to because he cannot offset the amount of his fines with the otherwise mandatory $5-per-day credit. *Prince*, 371 Ill. App. 3d at 881. Subsection (b) cannot apply to Scalise.

¶ 24    I would further find that (1) because of the supreme court's decision in *Woodard* and (2) because application of subsection 110-14(b) is *ex post facto* as to Scalise and (3) because the statutory claim made at any time and at any stage of the court proceedings, even an appeal in a postconviction proceeding may be considered as an "application of the defendant" (*Caballero*, 228 Ill. 2d at 88) and (4) because, analogous to *Caballero*, Scalise applied for the credit for the first time on appeal from the dismissal of his section 2-1401 petition, his application for credit is not barred by principles of forfeiture or untimeliness. Therefore, I conclude and would find that Scalise is entitled to offset his fines by $45 based on $5-per-day credit for his nine days spent in presentence custody. 725 ILCS 5/110-14(a) (West 2014).