# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*People v. Vlahon*, 2012 IL App (4th) 110229

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. THERON W. VLAHON, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-11-0229 |
| Filed | October 11, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's convictions for aggravated domestic battery and other offenses were affirmed, but his sentence to four years of MSR was modified to two years due to the *ex post facto* violation that occurred when defendant was not advised of his right to elect to be sentenced under the statute in effect at the time of his offenses, which provided for a two-year term of MSR. |
| Decision Under Review | Appeal from the Circuit Court of Sangamon County, No. 09-CF-647; the Hon. John Madonia, Judge, presiding. |
| Judgment | Affirmed as modified and cause remanded with directions. |

| Counsel on Appeal | Michael J. Pelletier, Karen Munoz, and Ryan R. Wilson, all of State Appellate Defender's Office, of Springfield, for appellant. |
|---|---|
| | John Milhiser, State's Attorney of Springfield (Patrick Delfino, Robert J. Biderman, and Perry L. Miller, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE KNECHT delivered the judgment of the court, with opinion. Justices Steigmann and Cook concurred in the judgment and opinion. |

**OPINION**

¶ 1    Following a November 2010 jury trial, defendant, Theron W. Vlahon, was convicted of home invasion, aggravated domestic battery, violating an order of protection, and aggravated battery. The trial court merged the aggravated-battery conviction with the aggravated-domestic-battery conviction and entered judgment of conviction for home invasion, aggravated domestic battery, and violating an order of protection. In March 2011, the court sentenced defendant to concurrent prison terms of 23 years for home invasion, 7 years for aggravated domestic battery, and 364 days for violating an order of protection. A term of four years' mandatory supervised release (MSR) attached to defendant's aggravated-domestic-battery conviction.

¶ 2    Defendant appeals, arguing (1)(a) he was denied his right to elect under which statute he should have been sentenced in violation of the *ex post facto* doctrine or (b) trial counsel was ineffective for failing to ensure defendant was aware of his right to elect; (2) he is entitled to *per diem* credit against his fines; and (3) he is entitled to a recalculation of his violent-crime-victim-assistance (VCVA) assessment.

¶ 3    We affirm as modified and remand with directions.

¶ 4                                    I. BACKGROUND

¶ 5    On July 22, 2009, the State charged defendant with home invasion, a Class X felony (count I) (720 ILCS 5/12-11(a)(1), (c) (West 2008)); aggravated domestic battery, a Class 2 felony (count II) (720 ILCS 5/12-3.3(a), (b) (West 2008)); criminal damage to property, a Class 4 felony (count III) (720 ILCS 5/21-1(1)(a), (2) (West 2008)); interfering with reporting domestic violence, a Class A misdemeanor (count IV) (720 ILCS 5/12-6.3(a), (c) (West 2008)); and a violation of an order of protection, a Class A misdemeanor (count V) (720 ILCS 5/12-30(a)(1), (d) (West 2008)). On July 27, 2009, the State added a charge of

aggravated battery, a Class 1 felony (count VI) (720 ILCS 5/12-4(a), (e)(3) (West 2008)). All charges stemmed from a July 20, 2009, incident where defendant entered his wife's residence through a window and inflicted physical injuries upon her resulting in her hospitalization for five days. Her injuries included a broken nose, hyoid bone, and C1 vertebra, as well as a concussion and neck hematomas.

¶ 6    In November 2010, defendant's jury trial on all charges commenced. Prior to the close of evidence, the State dismissed count III, criminal damage to property. The jury found defendant guilty of home invasion (count I), aggravated domestic battery (count II), violating an order of protection (count V), and aggravated battery (count VI), and not guilty of interfering with the reporting of domestic violence (count IV). The trial court merged the aggravated-battery conviction with the aggravated-domestic-battery conviction and entered judgment of conviction on home invasion (count I), aggravated domestic battery (count II), and violation of an order of protection (count V).

¶ 7    On March 8, 2011, defendant's December 2010 posttrial motion was heard and denied by the trial court. Following denial of defendant's motion, the court conducted the sentencing hearing. The State asked for a 30-year prison sentence with a finding of great bodily harm, and noted "because of the conviction for [a]ggravated [d]omestic [b]attery, the MSR, upon release, would be four years." Defense counsel requested a prison sentence in the 10-year range. The court sentenced defendant to concurrent terms of 23 years in prison for home invasion, 7 years for aggravated domestic battery, and 364 days for violating the order of protection. The court noted defendant would be required to serve four years on MSR at the conclusion of his imprisonment.

¶ 8    On March 11, 2011, a hearing was held to determine whether defendant should be required to pay restitution. The trial court ordered defendant to pay $440 in restitution to his wife and imposed fines and costs of $560. No postsentencing motion was filed.

¶ 9    This appeal followed.

¶ 10                             II. ANALYSIS

¶ 11    On appeal, defendant argues (1)(a) he was denied his right to elect under which statute he should have been sentenced in violation of the *ex post facto* doctrine or (b) trial counsel was ineffective for failing to ensure defendant was aware of his right to elect; (2) he is entitled to *per diem* credit against his fines; and (3) he is entitled to a recalculation of his VCVA assessment.

¶ 12                      A. Defendant's Right To Elect
¶ 13                        1. *Ex Post Facto Doctrine*
¶ 14    Defendant first contends he was denied his right to elect to be sentenced under the 2008 or 2010 version of section 5-8-1 of the Unified Code of Corrections. Compare 730 ILCS 5/5-8-1(d)(2) (West 2008) (providing for a two-year MSR term for a Class 2 felony), with 730 ILCS 5/5-8-1(d)(6) (West 2010) (adding subsection (d)(6), which provides for a four-year MSR term following a conviction for felony domestic battery, aggravated domestic battery,

stalking, aggravated stalking, and a felony violation of an order of protection). Specifically, defendant asserts the trial court erred by not informing him of his right to elect in violation of the prohibition against *ex post facto* laws. See U.S. Const., art. I, §§ 9, 10; Ill. Const. 1970, art. I, § 16.

¶ 15    Defendant acknowledges this issue was not preserved in a posttrial motion, but argues his right to election is not subject to waiver because absent admonishment by the court, he could not have knowingly waived his right to elect. See *People v. Hollins*, 51 Ill. 2d 68, 71, 280 N.E.2d 710, 712 (1972) (holding absent a showing defendant was advised of his right to elect and an express waiver of that right, defendant was denied due process); *People v. Strebin*, 209 Ill. App. 3d 1078, 1081, 568 N.E.2d 420, 422 (1991) (Fourth District, holding "*Hollins* places an affirmative duty on the trial court to advise a defendant of his right to elect under which sentencing procedures defendant should be sentenced, namely, those in effect at the time the offense was committed or those in effect at the time of the sentencing hearing." Where defendant is not advised of this right to elect, he cannot be found to have waived the issue on appeal.); *People v. Anderson*, 93 Ill. App. 3d 646, 656, 417 N.E.2d 663, 671 (1981) (First District, finding where the record was devoid of any evidence defendant was aware of his right to elect, defendant's sentences must be vacated and the cause remanded for a new sentencing hearing). The State responds defendant was never entitled to elect which statute to be sentenced under because the addition of section 5-8-1(d)(6) did not mitigate the MSR term, and, therefore, no error occurred.

¶ 16    Whether defendant was denied his right to elect involves the application of law to uncontested facts and is reviewed *de novo*. *People v. Sims*, 192 Ill. 2d 592, 615, 736 N.E.2d 1048, 1060 (2000).

¶ 17    Our supreme court has held a defendant has the right to be sentenced under either the law in effect at the time the offense was committed or the law in effect at the time of sentencing, and absent a showing the defendant was advised of his right to elect and an express waiver of that right, he is denied due process of law. *Hollins*, 51 Ill. 2d at 71, 280 N.E.2d at 712. Further, both the United States and the Illinois Constitutions prohibit the State from enacting *ex post facto* laws. U.S. Const., art. I, § 10; Ill. Const. 1970, art. I, § 16. "To establish an *ex post facto* violation, a '[defendant] must show the following: (1) a legislative change; (2) the change imposed a punishment; and (3) the punishment is greater than the punishment that existed at the time the crime was committed.' " *Hadley v. Montes*, 379 Ill. App. 3d 405, 409, 883 N.E.2d 703, 707 (2008) (quoting *Neville v. Walker*, 376 Ill. App. 3d 1115, 1118-19, 878 N.E.2d 831, 834 (2007)). In other words, "a criminal law will run afoul of the prohibition against *ex post facto* laws if it is retroactive and disadvantageous to the defendant. [Citation.] A law disadvantages a defendant if it criminalizes an act that was innocent when done, increases the punishment for a previously committed offense, or alters the rules of evidence by making a conviction more easy to obtain." *People v. Prince*, 371 Ill. App. 3d 878, 880, 864 N.E.2d 316, 319 (2007) (citing *People v. Malchow*, 193 Ill. 2d 413, 418, 739 N.E.2d 433, 438 (2000)).

¶ 18    In *Hollins*, the defendant pleaded guilty to an offense he committed in 1953, at which time the relevant sentencing statute required the trial court to fix minimum and maximum sentencing limits within a proscribed range. *Hollins*, 51 Ill. 2d at 71, 280 N.E.2d at 712. At

the time of sentencing, however, the statute had been amended so the court was no longer required to set a minimum sentence, with the effect the defendant's prison sentence could extend to life imprisonment, the maximum penalty allowed for his crime. *Id.* The defendant was sentenced under the amended statute. *Id.* On appeal, the defendant argued he was entitled to be sentenced under the statute as it existed at the time of the offense, and our supreme court agreed, holding as follows:

> "Petitioner *** was entitled to be sentenced under either the law in effect at the time the offense was committed or that in effect at the time of sentencing [citation], and the record fails to show that he was advised of his right to, or permitted to, make the choice. Had he been so admonished he could have elected to offer evidence in mitigation and the order of commitment might have provided for a maximum sentence substantially less than the statutory maximum. Upon this record we hold that in the absence of a showing that he was advised of his right to elect under which statute he should be sentenced, and an express waiver of that right, petitioner was denied due process of law." *Id.*

¶ 19    The State contends "unlike in *Hollins*, defendant was not entitled to make a choice under which version of [section] 5-8-1 he should be sentenced" because he "could not offer any evidence in mitigation by the provision of the new law because his [MSR] period was increased." Further, the State argues additional support for its proposition is found in section 4 of the Statute on Statutes (5 ILCS 70/4 (West 2010)), which provides in relevant part, "If any penalty, forfeiture or punishment be mitigated by any provisions of a new law, such provision may, by the consent of the party affected, be applied to any judgment pronounced after the new law takes effect." The State's argument seems to be because the 2010 amendment to the statute increased rather than decreased the MSR term, defendant had no right to election. We disagree.

¶ 20    First, we note the Statute on Statutes does not apply here because Public Act 96-282, § 5 (eff. Jan. 1, 2010), which added the new subsection increasing the MSR term from two to four years for aggravated domestic battery, expressly stated the provisions of the amendatory act become effective on January 1, 2010. See 5 ILCS 70/1 (West 2010); *Doe A. v. Diocese of Dallas*, 234 Ill. 2d 393, 406, 917 N.E.2d 475, 483 (2009) ("Because section 4 of the Statute on Statutes operates as a default standard, it is inapplicable to situations where the legislature has clearly indicated the temporal reach of a statutory amendment."); *In re Marriage of Duggan*, 376 Ill. App. 3d 725, 728, 877 N.E.2d 1140, 1143 (2007) ("[T]he legislature has enacted a default directive in section 4 of the Statute on Statutes [citation], which applies whenever there is no express intent regarding retroactive application contained in the amendments themselves."); see also *People v. Aguilar*, 408 Ill. App. 3d 136, 141-42, 944 N.E.2d 816, 822 (2011) (holding section 4 of the Statute on Statutes did not apply because the public act criminalizing the defendant's conduct contained a clearly indicated effective date of more than one year later than the incidents involving the defendant).

¶ 21    Second, we reject the State's argument defendant was not entitled to choose which statute to be sentenced under because the amended statute provides for a greater MSR term. The State's argument actually supports defendant's contention his sentence under the amended statute is an *ex post facto* violation.

¶ 22    In this case, defendant committed these offenses in 2009, at which time section 5-8-1(d)(2) of the Unified Code of Corrections provided for a MSR term of two years for a Class 2 felony, including aggravated domestic battery. 730 ILCS 5/5-8-1(d)(2) (West 2008). In 2010, when defendant was actually sentenced, the legislature had added section 5-8-1(d)(6), which became effecting January 1, 2010, and provided for a four-year term of MSR following a conviction for aggravated domestic battery. 730 ILCS 5/5-8-1(d)(6) (West 2010) (eff. Jan. 1, 2010).

¶ 23    While the State acknowledges a legislative change–thus satisfying the first element to prove an *ex post facto* violation–it argues the extended MSR term does not warrant application of the *ex post facto* doctrine because the MSR term was extended for the protection of the public rather than for a punitive purpose. See *Smith v. Doe*, 538 U.S. 84, 104-05 (2003) (holding a retroactive Alaska law requiring sex offenders and child kidnappers to register as such did not violate the *ex post facto* doctrine because the purpose of the registration requirement was to protect the public).

¶ 24    In support of its argument, the State cites *Neville*, 376 Ill. App. 3d at 1119-20, 878 N.E.2d at 834-35, where this court held the imposition of electronic monitoring by the Parole Review Board (Board) as a condition of MSR did not violate the *ex post facto* doctrine. In *Neville*, the plaintiff asserted the requirement he submit to electronic monitoring as a condition of his release from prison violated the *ex post facto* provisions of the United States and Illinois Constitutions because an electronic monitoring condition was not listed in the statute at the time of his conviction. *Id.* at 1117, 878 N.E.2d at 832-33. While we concluded the principal purpose of MSR was to protect the public rather than punish the offender, an important factor in our overall analysis was that the defendant's sentence had not been increased. *Id.* at 1119-20, 878 N.E.2d at 834-35. Specifically, this court noted, "Because the Board always had the discretion to dictate conditions on plaintiff's MSR, the expression of a specific condition after plaintiff was sentenced merely 'established a framework or structure within which the Board's discretion was to be exercised' [citation]; it did not increase plaintiff's sentence." *Id.* at 1120, 878 N.E.2d at 835.

¶ 25    Likewise, in *Hadley*, 379 Ill. App. 3d at 406, 883 N.E.2d at 705, the plaintiff was released on parole in 2007 with the condition he submit to electronic monitoring. As in *Neville*, the *Hadley* plaintiff filed a complaint, arguing the electronic-monitoring condition violated the *ex post facto* doctrine. This court found no *ex post facto* violation because the purpose of electronic monitoring following release from prison was to "foster his return to society through a supervised transition from prison life" rather than to punish him. *Id.* at 411, 883 N.E.2d at 709. In so holding, we again pointed out the plaintiff's sentence had not been increased, noting the defendant "will not be required to serve more time on parole than he would have under the prior law. Instead, a new parole condition was imposed that was not available when he was initially sentenced." *Id.*

¶ 26    Contrary to *Neville* and *Hadley*, defendant's MSR term in this case was increased. The four-year MSR term imposed on defendant is not simply a condition of defendant's sentence, as is the case where electronic monitoring is imposed, but rather is a two-year increase in the length of time defendant is subject to the custody of the Department of Corrections. Although an increased MSR term may protect the public, it also expands defendant's punishment as

MSR is a mandatory part of a defendant's prison sentence. See *People v. Horrell*, 235 Ill. 2d 235, 242-43, 919 N.E.2d 952, 957 (2009) ("In *Holly v. Montes*, 231 Ill. 2d 153 (2008), we concluded that 'MSR was a mandatory part' of the defendant's prison sentence and that he 'remain[ed] under sentence' even after he was physically released from prison. [Citation.] Specifically, we stated, 'the legislature established a period of mandatory supervised release to be included *as a part of every sentence of imprisonment*.' " (Emphasis is original.)); see also *People ex rel. Johnson v. Pate*, 47 Ill. 2d 172, 174, 265 N.E.2d 144, 146 (1970) ("Although not confined in prison, a parolee remains at all times in the custody of the Department of Public Safety, and subject to the authority of the Parole and Pardon Board until expiration of the sentence."); *Barney v. Prisoner Review Board*, 184 Ill. 2d 428, 430, 704 N.E.2d 350, 351 (1998) (a prisoner on MSR remains in the custody of the Department of Corrections and may be legally detained during the term of his MSR).

¶ 27    Because of the addition to the statute, defendant was sentenced to a four-year MSR term rather than the two-year MSR term provided for under the statute in effect at the time he committed the offenses. Thus, defendant has satisfied the second and third elements because the legislative change subjects him to the custody of the Department of Corrections for two years longer than he would have been under the statute existing at the time the offenses were committed.

¶ 28    In this case, the trial court failed to inform defendant of his right to elect whether to be sentenced under the 2008 or the 2010 statute. However, because we find an *ex post facto* violation, we see no need to remand for a hearing where defendant may be advised of his right to elect. Rather, we remand with directions to modify the sentencing judgment to show a two-year MSR term for aggravated domestic battery.

¶ 29                    2. *Ineffective Assistance of Counsel*

¶ 30    Because we find an *ex post facto* violation required defendant's MSR term to be reduced to two years, we need not address his ineffective-assistance-of-counsel claim.

¶ 31                    B. Presentence-Detention Credit

¶ 32    Next, defendant asserts he is entitled to *per diem* credit against his fines for time spent in presentence custody. The State concedes defendant is entitled to a credit for time spent in pretrial custody which may be applied to any fines assessed against him. We accept the State's concession.

¶ 33    Sentence credit against a fine based on time served in pretrial custody is governed by section 110-14(a) of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-14(a) (West 2008)), which provides in relevant part:

> "(a) Any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated upon application of the defendant. However, in no case shall the amount so allowed or credited exceed the amount of the fine."

Such credit may only be applied to offset eligible fines, not fees. *People v. Jones*, 223 Ill. 2d

569, 580, 861 N.E.2d 967, 974 (2006).

¶ 34    In this case, the trial court awarded defendant 596 days' credit for time spent in presentence custody. Therefore, defendant is entitled to an available credit up to $2,980 ($5 per day for 596 days spent in custody), which may be applied to any eligible fines assessed against him. 725 ILCS 5/110-14 (West 2010). Defendant is entitled to apply this credit toward his $126 fine and $5 children-advocacy-center fee. See *People v. Jones*, 397 Ill. App. 3d 651, 664, 921 N.E.2d 768, 775 (2009) (holding the children-advocacy-center fee is a fine). We remand for issuance of an amended sentencing judgment to reflect this credit.

¶ 35                    C. Violent-Crime-Victim-Assistance Fee

¶ 36    Last, defendant asserts the $24 VCVA fee should be reduced to the rate of $4 per every $40, or fraction thereof, in fines imposed. Specifically, defendant contends the VCVA fine should be reduced to $13.10 (formula being $131 divided by $40 equals 3.275 multiplied by $4 equals $13.10). The State concedes a reduction is necessary but suggests vacatur and recalculation of the VCVA assessment according to the relevant statutory provision. We accept the State's concession a reduction of the VCVA assessment is necessary and we calculate the proper fine below.

¶ 37    Pursuant to section 10(c)(1) of the Violent Crime Victims Assistance Act (725 ILCS 240/10(b) (West 2008)), where other fines are imposed, the penalty assessed a defendant equals "$4 for each $40, or fraction thereof, of fine imposed." 725 ILCS 240/10(b) (West 2008). This fine is not creditable based on time served. 725 ILCS 240/10(b) (West 2008).

¶ 38    Here, defendant was assessed $131 in fines, *i.e.*, $126 fine and $5 child-advocacy-center fee. As such, the VCVA assessment must be set at $16 ($131 divided by $40 equals 3 plus a "fraction thereof" multiplied by $4 equals $16). See 725 ILCS 240/10(b) (West 2008). Thus, we remand for issuance of an amended sentencing judgment so reflecting.

¶ 39                                III. CONCLUSION

¶ 40    For the reasons stated, we affirm as modified and remand with directions for issuance of an amended written sentencing judgment reflecting (1) a 2-year MSR term for aggravated domestic battery, (2) a credit up to $2,980 to be applied toward defendant's fines, and (3) a reduction of the VCVA assessment to $16. As part of our judgment, since the State successfully defended a portion of this appeal, we award the State its $50 statutory assessment against defendant as costs of this appeal. See *People v. Smith*, 133 Ill. App. 3d 613, 620, 479 N.E.2d 328, 333 (1985) (citing *People v. Nicholls*, 71 Ill. 2d 166, 178, 374 N.E.2d 194, 199 (1978)).

¶ 41    Affirmed as modified and cause remanded with directions.