# Illinois Official Reports

## Appellate Court

*People v. Rios-Salazar*, 2017 IL App (3d) 150524

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. AARON RIOS-SALAZAR, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-15-0524 |
| Filed | November 20, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 10-CF-2114; the Hon. Carla Alessio-Policandriotes, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Michael J. Pelletier, Peter A. Carusona, and Dimitrios G. Golfis, of State Appellate Defender's Office, of Ottawa, for appellant.<br><br>James W. Glasgow, State's Attorney, of Joliet (Patrick Delfino, Lawrence M. Bauer, and Dawn D. Duffy, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE SCHMIDT delivered the judgment of the court, with opinion.<br>Justice Wright specially concurred, with opinion.<br>Justice Lytton dissented, with opinion. |

**OPINION**

¶ 1        Defendant, Aaron Rios-Salazar, after being sentenced to 24 years for predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 2010)), argues only that his defense counsel was ineffective for failing to object to $57 in fines. We affirm.

¶ 2                                            FACTS

¶ 3        Defendant pled guilty to predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 2010)) for an offense that occurred between February 1 and August 30, 2010. In return, the State nol-prossed two counts of predatory criminal sexual assault of a child, three counts of criminal sexual assault, and one count of aggravated criminal sexual assault. The circuit court sentenced defendant to 24 years' imprisonment.

¶ 4        A cost sheet signed by the circuit court, bearing the file-stamped date of July 24, 2015, appears in the record. The cost sheet shows that the court imposed $1587 in assessments, including a $100 Violent Crime Victims Assistance Fund (VCVA) assessment and a $25 "house fee." A separate document, which is unsigned and appears to be a computer printout, also lists the monetary assessments. That document describes the $25 "house fee" as "judicial facilitie[s]."

¶ 5                                          ANALYSIS

¶ 6        Defendant argues that his trial counsel was ineffective for failing to object to the $25 judicial facilities fee and the $100 VCVA assessment. He contends that the assessments violated *ex post facto* principles and, had counsel objected, the $25 judicial facilities fee would have been vacated and the $100 VCVA assessment would have been reduced to $68. Essentially, defendant's argument is that his trial counsel was constitutionally deficient for failing to object to $57 in improper fines. By challenging the fines on the basis of ineffective assistance of counsel rather than directly, defendant implicitly concedes that he forfeited the issue. For the reasons stated below, we find no reason to determine whether the contested charges are fines or fees, appropriate or inappropriate.

¶ 7        To state a claim for ineffective assistance of counsel, a defendant must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "In order to satisfy the deficient-performance prong of *Strickland*, a defendant must show that his counsel's performance was so inadequate that counsel was not functioning as the 'counsel' guaranteed by the sixth amendment." *People v. Smith*, 195 Ill. 2d 179, 188 (2000).

¶ 8        Even accepting defendant's argument that $57 of his fines were improper, we find that trial counsel's failure to object to this *de minimis* amount of monetary assessments did not constitute constitutionally deficient performance. That is, counsel's failure to challenge $57 in allegedly improper fines did not render counsel's performance "so inadequate that counsel was not functioning as the 'counsel' guaranteed by the sixth amendment." *Id.* Not every mistake of counsel constitutes deficient performance. *People v. Easley*, 192 Ill. 2d 307, 344 (2000) ("[I]neffective assistance of counsel refers to competent, not perfect, representation."). In the instant case, defendant pled guilty to a Class X felony and received a

sentence of 24 years' imprisonment. Counsel's failure to object to *de minimis* fines is simply not an error of constitutional magnitude.

¶ 9    In reaching our holding, I note that there is no right to counsel under the sixth amendment of the United States Constitution in cases where a defendant is not sentenced to imprisonment. *Scott v. Illinois*, 440 U.S. 367, 373-74 (1979). Even the statutory right to counsel in Illinois, which is broader than the right to counsel guaranteed by the sixth amendment, does not apply in cases punishable by fine only. 725 ILCS 5/113-3(b) (West 2010). The fact that there is no right to counsel in cases punishable only by fines supports our holding that counsel's failure to object to certain *de minimis* fines did not render his representation of defendant constitutionally deficient.[1]

¶ 10                                    CONCLUSION

¶ 11    For the foregoing reasons, we affirm the judgment of the circuit court of Will County.

¶ 12    Affirmed.

¶ 13    JUSTICE WRIGHT, specially concurring:

¶ 14    I agree that the judgment should be affirmed. However, I reach the same conclusion as the author for different reasons. To show ineffective assistance of counsel, defendant must first establish prejudice. In my view, prejudice is simply not present in this record.

¶ 15    Here, the criminal cost sheet contains multiple errors by the trial court. I agree the court incorrectly calculated the VCVA fine and should not have imposed the $25 Judicial Facilities fine. However, I also notice from the face of the criminal costs sheet that the trial court neglected to order defendant to pay the mandatory criminal surcharge calculated at the rate of $10/$40 in all punitive fines imposed. 730 ILCS 5/5-9-1(c) (West 2010). I recognize the mandatory surcharge cannot be added to defendant's sentence at this point.

¶ 16    Assuming defendant has correctly calculated the basis for the VCVA fine in the amount of $68, I point out that the criminal surcharge in this case would have increased defendant's punitive fines by at least $170 ($10 x 17 $40 units). The bottom line is that defense counsel's failure to challenge the trial court's sentencing order, regarding monetary issues, resulted in a savings to defendant of at least $113. Based on this record, I conclude defendant received a bargain and was not overcharged by $57 as defendant contends on appeal. On this basis, I disagree that ineffective assistance of counsel is present in this record and would deny defendant the relief requested.

¶ 17    For these reasons, I specially concur and agree with the result in this case only.

¶ 18    JUSTICE LYTTON, dissenting:

¶ 19    I disagree with the majority's characterization of the improper fines in this case as "*de minimis*." A fine imposed in direct contravention of the law is an error of constitutional magnitude; here, it violates *ex post facto* principles and should be addressed. Had trial counsel raised the issue below, the fines and fees order would have been corrected. Nothing prevents us from doing the same on appeal.

---

[1]The author is alone in this observation, as witnessed by the special concurrence and dissent.

¶ 20    Both the federal and state constitutions prohibit *ex post facto* laws. See U.S. Const., art. I, § 9; Ill. Const. 1970, art. I, § 16. A criminal law violates *ex post facto* principles if a legislative change is retroactively applied to a defendant and increases the penalty by which a crime is punishable. *Hadley v. Montes*, 379 Ill. App. 3d 405, 409 (2008). To establish an *ex post facto* violation, a defendant must show (1) a legislative change, (2) the change imposed a punishment, and (3) the punishment is greater than the punishment that existed at the time the crime was committed. *Id.* Fines are subject to the prohibition against *ex post facto* laws. *People v. Dalton*, 406 Ill. App. 3d 158, 163 (2010).

¶ 21    In 2010, when defendant committed the offense in this case, the Violent Crime Victims Assistance Act (Act) (725 ILCS 240/1 *et seq.* (West 2010)) imposed a "penalty of $4 for each $40, or fraction thereof, of [other] fine[s] imposed." 725 ILCS 240/10(b) (West 2010). This penalty is a fine. See *People v. Vlahon*, 2012 IL App (4th) 110229, ¶¶ 35-38. Effective July 16, 2012, section 10 of the Act was amended by Public Act 97-816, which increased the fine to $100 for any felony conviction. Pub. Act 97-816 (eff. July 16, 2012) (amending 725 ILCS 240/10(b)(1)).

¶ 22    Defendant was assessed a total of $645 in fines. Therefore, the VCVA fine applicable under the 2010 statute was $68[2] rather than $100. See *Vlahon*, 2012 IL App (4th) 110229, ¶ 38 (proper method of calculating VCVA fine). Because the amended version of section 10(b) was not yet in effect at the time of the offense and the fine is now greater than the punishment that previously existed, the trial court violated *ex post facto* principles by assessing a $100 VCVA fine against defendant.

¶ 23    The $25 fine for judicial facilities also violates *ex post facto* principles. Section 5-1101.3 of the Counties Code provides for "a judicial facilities fee to be used for the building of new judicial facilities," not to exceed $30. 55 ILCS 5/5-1101.3 (West 2016). This assessment is a fine. See *People v. Johnson*, 2015 IL App (3d) 140364 (appendix); 55 ILCS 5/5-1101.3(b) (West 2016) (assessment is not an expense incurred by the State for prosecuting the defendant). Again, the statute was not in effect at the time defendant committed the offense. Thus, the trial court's imposition of the fine is an *ex post facto* violation.

¶ 24    The majority declines to review these fines for error. Instead, it concludes that, even if the fines were imposed in violation of the law, the amounts were *de minimis* and any error need not be addressed. I disagree. The error here is more than a simple mistake in calculating a fee. Rather, it is the retroactive application of two statutes that increased the penalty by which defendant's crime was punishable. Contrary to the majority, I do not believe a *de minimis* exception can be placed on such a constitutional violation. Notably, this supposed exception is difficult to implement, as it requires the very subjective process of determining when the amount in error becomes significant rather than *de minimis*, or a mere trifle. See Black's Law Dictionary 524 (10th ed. 2014) (defining *de minimis* as "trifling"). More compelling, a *de minimis* exception is inconsistent with the constitutional concerns and concepts of fairness inherent in *ex post facto* principles. *People v. Coleman*, 111 Ill. 2d 87, 93-94 (1986). "An error may involve a relatively small amount of money or unimportant matter, but still affect the integrity of the judicial process and the fairness of the proceeding ***." *People v. Lewis*, 234 Ill. 2d 32, 48 (2009).

---

[2]$645 divided by $40 equals $16.125, plus a "fraction thereof," multiplied by $4 equals $68. 725 ILCS 240/10(b) (West 2010).

¶ 25    The challenged fines were imposed in violation of *ex post facto* principles. In light of this constitutional error, the VCVA fine should be reduced to $68 and the $25 judicial facilities fine should be vacated.