NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 4250068-U

NOS. 4-25-0068, 4-25-0069, 4-25-0070 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 20, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Adams County |
| CORY W. CALHOUN, | ) | Nos. 17CF904 |
| Defendant-Appellant. | ) | 17CF908 |
| | ) | 18CF1041 |
| | ) | |
| | ) | Honorable |
| | ) | Talmadge "Tad" Brenner, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Presiding Justice Steigmann and Justice Doherty concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court affirmed as modified the summary dismissal of defendant's
*pro se* postconviction petition.

¶ 2    Defendant, Cory W. Calhoun, pleaded guilty to aggravated home repair fraud

(815 ILCS 515/5(i)(a) (West 2016)), theft over $10,000 (720 ILCS 5/16-1(a)(2)(A) (West

2016)), and theft over $500 (*id.* § 16-1(a)(4)(A)) in exchange for probation. Defendant failed to

comply with the terms of probation, the State filed a petition to revoke his probation, and the trial

court granted the State's petition. Defendant was subsequently sentenced to an aggregate term of

17 years' imprisonment and ordered to serve 2 years of mandatory supervised release (MSR) for

the aggravated home repair fraud and theft over $10,000 offenses. Defendant appealed, arguing

counsel was ineffective for failing to argue in a motion to reconsider the sentence that

defendant's 17-year sentence was excessive. We affirmed. See *People v. Calhoun*, 2023 IL App (4th) 221056-U, ¶ 38.

¶ 3    Thereafter, defendant filed a petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2024)). He claimed, among other things, (1) trial and appellate counsel were ineffective for failing to argue he did not violate the terms of his probation by living outside of Illinois and (2) trial counsel was ineffective for failing to alert the trial court that his two-year terms of MSR for aggravated home repair fraud and theft over $10,000 should be reduced to one year. The court summarily dismissed defendant's petition. On appeal, defendant argues his postconviction petition should not have been summarily dismissed. We affirm as modified.

¶ 4                        I. BACKGROUND

¶ 5    Because the facts of this case are well known to the parties and this court, we recite only those facts necessary to understand the issues raised on appeal.

¶ 6    Defendant committed the above offenses in 2016, was charged in 2017, and was sentenced to probation in 2020. When he was sentenced to probation, many conditions of probation were imposed. For example, defendant was ordered to (1) pay restitution, including $500 per month; (2) submit information about any monetary judgment he received in an unrelated case; (3) tender a full tax return and/or information about a tax refund for 2019; (4) obtain employment and submit proof of it; (5) regularly attend meetings with his probation officer; (6) not leave Illinois without prior consent from the trial court or the probation department; and (7) notify the probation department in writing about any address changes.

¶ 7    Evidence presented at the January 2022 hearing on the State's petition to revoke defendant's probation revealed defendant failed to comply with these requirements. Thus, the

trial court revoked defendant's probation. In allocution before sentencing on February 28, 2022, defendant stated, "I would like to apologize to the [trial c]ourt for failing to meet the standards for probation." Defendant continued, "I'm truly remorseful for not being able to complete my obligations to the Court and the victims." The court sentenced defendant to an aggregate term of 17 years' imprisonment. The court's sentencing order provided defendant would serve two years of MSR for aggravated home repair fraud and theft over $10,000, both Class 2 felonies. See 815 ILCS 515/5(a) (West 2016); 720 ILCS 5/16-1(b)(4.1) (West 2016). He would serve one year of MSR for theft over $500, a Class 3 felony. See 720 ILCS 5/16-1(b)(4) (West 2016).

¶ 8         Defendant appealed, and while that appeal was pending in this court, he petitioned for relief under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2022)). The next day, the trial court *sua sponte* dismissed the section 2-1401 petition, and defendant appealed.

¶ 9         On April 29, 2024, almost 17 months after this court decided defendant's direct appeal, defendant filed by mail a three-count *pro se* postconviction petition. In count I, defendant argued "[he] received ineffective assistance of counsel when there was irrefutable proof that [defendant] did not reside in Frankford Missouri, or Frankfort Missouri as the petition to revoke stated." Defendant asserted, "[C]ounsel could have ascertained and provided evidence from defendant's father John Calhoun that he had a residence at 5801 East Paradise Lane Quincy, Illinois 62305, and 1531 Deweese Ave. Quincy Illinois." At the end of count I, defendant asserted, "Counsel also failed to correct sentencing error in violation of 730 ILCS 5/5-8-13(2) [*sic*] where defendant was entitled to receive only 1 year of [MSR] for a class 2 felony." At the end of count II, after delineating the test for ineffective assistance of counsel, defendant asserted he had "shown that both [*sic*] pre trial counsel, post trial counsel, and Appellate counsel were

made aware of [defendant's] claims." In count III, defendant alleged cumulative error, reiterating counsel was ineffective for failing to consult with defendant and learn he was not living in Missouri while on probation, as the State alleged. Defendant then argued appellate counsel was ineffective for failing to raise this issue on direct appeal. Defendant never argued appellate counsel was ineffective for not raising trial counsel's failure to challenge his two-year terms of MSR.

¶ 10　　　　Attached to defendant's petition was an affidavit from defendant's father, John Calhoun. In it, John attested counsel never contacted him about defendant's case. John stated defendant was living with him at the Deweese Avenue and Paradise Lane addresses when COVID-19 forced the courthouse to close.

¶ 11　　　　Defendant's *pro se* postconviction petition was file-stamped by the circuit court clerk on May 6, 2024, and docketed four days later. On August 1, 2024, the trial court timely dismissed defendant's postconviction petition, finding the issues he raised were frivolous or patently without merit because they were forfeited or barred by *res judicata*. See *People v. Brooks*, 221 Ill. 2d 381, 391 (2006) (stating the 90-day period in which the trial court must rule on a defendant's postconviction petition was counted from the date the petition was docketed).

¶ 12　　　　On October 17, 2024, we vacated the trial court's order dismissing defendant's section 2-1401 petition and remanded the case for further proceedings, finding the *sua sponte* dismissal of the section 2-1401 petition was premature because the State had not been afforded 30 days to respond to it. *People v. Calhoun*, 2024 IL App (4th) 230802-U, ¶ 2, 22, 24.

¶ 13　　　　Thereafter, the trial court set a status hearing on the State's response to defendant's section 2-1401 petition. Instead of filing a response to defendant's section 2-1401 petition, the State filed a "Motion to Dismiss Petition for Post-Conviction Relief." The court

alerted the State to its mistake and found defendant's *pro se* postconviction petition, though previously dismissed, must be viewed as having advanced to the second stage of postconviction proceedings because the State filed a motion to dismiss it. The case was subsequently continued, but nothing on the trial court's website indicates any ruling on the State's motion to dismiss had been entered. See *May Department Stores Co. v. Teamsters Union Local No. 743*, 64 Ill. 2d 153, 159 (1976) (stating courts may take judicial notice of readily verifiable facts).

¶ 14 On February 3, 2025, five months after his time to file an appeal in the trial court expired, this court accepted the late notice of appeal defendant filed in this court. See Ill. S. Ct. Rule 606(c) (eff. Apr. 15, 2024) (providing a late notice of appeal may be filed in the appellate court within 6 months after the 30 days to file a notice of appeal in the trial court expires).

¶ 15 This appeal followed.

¶ 16 II. ANALYSIS

¶ 17 At issue on appeal is whether the summary dismissal of defendant's *pro se* postconviction petition was proper. Before addressing that issue, we must consider our jurisdiction, which we review *de novo*. *People v. Harris*, 2025 IL 130351, ¶ 26. Given the fact there are ongoing proceedings in the trial court, both parties have addressed whether this court has jurisdiction over this appeal. They conclude we do, noting the filing of a timely notice of appeal vested this court with jurisdiction, and nothing more is required here. We agree. See *People v. Young*, 2018 IL 122598, ¶ 14 ("The appellate court obtained jurisdiction in this matter when [the] defendant timely filed a notice of appeal from the dismissal of his successive postconviction petition.").

¶ 18 Having found we have jurisdiction over this appeal, we turn to the merits. The Act creates a statutory remedy for criminal defendants who claim substantial violations of their

constitutional rights occurred at trial. *People v. Edwards*, 2012 IL 111711, ¶ 21. A proceeding under the Act is not a substitute for a direct appeal but a collateral attack on the judgment of conviction. *Id.* "Issues that were raised and decided on direct appeal are barred by *res judicata*, and issues that could have been raised on direct appeal, but were not, are forfeited." *People v. English*, 2013 IL 112890, ¶ 22. "However, the doctrines of *res judicata* and forfeiture are relaxed where fundamental fairness so requires, where the forfeiture stems from the ineffective assistance of appellate counsel, or where the facts relating to the issue do not appear on the face of the original appellate record." *Id.*; see *People v. Davis*, 377 Ill. App. 3d 735, 745 (2007) (appellate court addressing postconviction claims barred by *res judicata* because fundamental fairness required it).

¶ 19       Under the Act, the trial court first independently reviews the postconviction petition within 90 days of its filing to determine if it "is frivolous or is patently without merit" (722 ILCS 5/122-2.1(a)(2) (West 2024)), in which case the court must summarily dismiss it. *Edwards*, 2012 IL 111711, ¶ 17. As our supreme court has explained:

> "[A] *pro se* petition seeking postconviction relief under the Act may be
> summarily dismissed *** only if the petition has no arguable basis either in law or
> in fact. A petition which lacks an arguable basis either in law or in fact is one
> which is based on an indisputably meritless legal theory or a fanciful factual
> allegation. An example of an indisputably meritless legal theory is one which is
> completely contradicted by the record. [Citation.] Fanciful factual allegations
> include those which are fantastic or delusional." *People v. Hodges*, 234 Ill. 2d 1,
> 16-17 (2009).

¶ 20       We review *de novo* the summary dismissal of a postconviction petition (*People v.*

- 6 -

*Hatter*, 2021 IL 125981, ¶ 24) and may affirm a summary dismissal on any basis supported by the record (*People v. Kimmons*, 2022 IL App (2d) 180589, ¶ 33).

¶ 21　　　　Defendant argues he raised two viable constitutional claims in his *pro se* postconviction petition. Those are (1) trial and appellate counsel provided ineffective assistance when they failed to argue defendant was living in Illinois, not Missouri, as the terms of probation required, and (2) trial counsel was ineffective in failing to argue defendant should serve one year of MSR, not two years, on the aggravated home repair fraud and the theft over $10,000 offenses.

¶ 22　　　　In evaluating these claims, we observe that "[a]t the first stage of postconviction proceedings under the Act, a petition alleging ineffective assistance may not be summarily dismissed if (i) it is arguable that counsel's performance fell below an objective standard of reasonableness and (ii) it is arguable that the defendant was prejudiced." *Hodges*, 234 Ill. 2d at 17. With this in mind, we address defendant's two ineffective-assistance claims.

¶ 23　　　　First, the only evidence defendant presented indicating he was living in Illinois, not Missouri, was contained in the affidavit from his father, John. Although John intimated defendant was living with him at two different places in Illinois when COVID-19 began, nothing indicates how long defendant remained living there. Moreover, nothing suggested defendant advised counsel that John could rebut any claim defendant was not residing in Illinois while serving probation. As the State notes, counsel must be aware of witnesses before being found ineffective for failing to investigate and present favorable testimony from them. *People v. Irvine*, 379 Ill. App. 3d 116, 130 (2008); *People v. Brock*, 2025 IL App (4th) 240042-U, ¶ 36. Further, not only were there other bases on which defendant's probation was revoked, and thus, defendant cannot establish he was prejudiced by counsel's inaction on this point, but defendant also admitted violating the terms of probation before the court sentenced him following the revocation of his

probation.

¶ 24    Second, as the State observes, defendant never alleged in his petition appellate counsel was ineffective for failing to argue trial counsel was ineffective when he did not seek to reduce to one year the terms of MSR imposed on the aggravated home repair fraud and theft over $10,000 offenses. Accordingly, that issue is forfeited. See *People v. Youngblood*, 389 Ill. App. 3d 209, 215 (2009) ("Given that this claim was based on the record, that it was not raised on direct appeal, and that defendant does not allege ineffective assistance of appellate counsel, we determine that he has forfeited review of that issue here."). However, we determine fundamental fairness requires us to relax this forfeiture and address the issue. See *People v. Vlahon*, 2012 IL App (4th) 110229, ¶ 17 (providing the failure to allow a defendant to elect what version of the sentencing statute to be sentenced under when the law concerning MSR changed between the time the defendant was charged and when he was sentenced violated the prohibition of *ex post facto* laws).

¶ 25    Here, when defendant was charged in 2016, section 5-8-1(d)(2) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5-8-1(d)(2) (West 2016)) provided a defendant convicted of a Class 2 felony faced a two-year MSR term. This same law applied in February 2020, when defendant was sentenced to probation. That law changed on July 1, 2021. At that time, the Unified Code provided a defendant convicted of a Class 2 felony faced an MSR term of one year. See 730 ILCS 5/8-1(d)(d) (West 2022). Defendant was sentenced to 17 years' imprisonment in February 2022, seven months after the law changed.

¶ 26    Although, at first blush, it may appear the summary dismissal of defendant's petition must be reversed and this cause remanded for further proceedings, our supreme court has suggested we may modify the terms of MSR on appeal to reflect the law in effect when

defendant was sentenced, as defendant raised the issue of the improper MSR terms in his *pro se* postconviction petition. See *Young*, 2018 IL 122598, ¶ 28. Thus, under Illinois Supreme Court Rule 615(b)(4) (eff. Jan. 1, 1967), we modify the sentencing order to reflect the correct MSR term of one year for both the aggravated home repair fraud and theft over $10,000 offenses.

¶ 27        In all other respects, we affirm the trial court's judgment.

¶ 28                        III. CONCLUSION

¶ 29        For the reasons stated, we affirm as modified the trial court's judgment.

¶ 30        Affirmed as modified.